In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00070-CR
______________________________


CARLOS ALBERTO CHACON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 337th Judicial District Court
Harris County, Texas
Trial Court No. 898916


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            "Give them some . . . shots so that they know that this is real," the unarmed Carlos Alberto
Chacon directed his two armed confederates,


 immediately after the three had robbed four men,
including Sergio Ramirez, and had told them to walk away. While the robbery victims were
retreating, one of the robbers, Victor Sanchez, fired three shots. One of those shots hit Ramirez in
the heart, killing him.
            On appeal, Chacon contends the evidence was factually and legally insufficient to support
his capital murder conviction and his resulting life sentence. We affirm.
            When reviewing the evidence's legal sufficiency, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In a factual sufficiency review, we view the evidence in a neutral light, favoring
neither party, and set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Id.
            Chacon contends on appeal that the evidence was insufficient because the State's theory, that
Chacon "solicited, encouraged, directed, aided or attempted to aid" in the shooting, is inadequately
supported by the evidence. This theory is supported by testimony of one of the robbery victims that
Chacon specifically had told his confederates to fire their guns so the robbery victims would know
"this is real." In support of his argument to the contrary, Chacon directs our attention to Luis
Carreon's testimony that he, one of the robbery victims, did not hear anyone say such words, and to
the uncontroverted evidence that, of the three robbers, only Chacon was not displaying a pistol
during the robbery.
            The alternative theory, that the attack was part of a conspiracy among the actors, is supported
by the way in which the men divided their duties, with one acting as driver and two carrying weapons
and threatening the victims by word and action, while Chacon moved from person to person
relieving them of their valuables. The uncontroverted evidence shows that Chacon knew the other
two robbery participants were carrying firearms and that they were using them to intimidate the
victims by threatening them.
            Chacon's argument that his capital murder conviction is unsupported by the evidence is, in
essence, that he did not personally pull the trigger and that there was insufficient proof he had the
intent to cause the death of a person, as required under the capital murder statute.
            A person commits murder if he or she "intentionally or knowingly causes the death of an
individual." Tex. Pen. Code Ann. § 19.02 (Vernon 2003). A person can be convicted of capital
murder if he or she "intentionally commits the murder in the course of committing or attempting to
commit ... robbery." Tex. Pen. Code Ann. § 19.03 (Vernon Supp. 2004). "A person is criminally
responsible as a party to an offense if the offense is committed by his own conduct, by the conduct
of another for which he is criminally responsible, or by both." Tex. Pen. Code Ann. § 7.01
(Vernon 2003). A person is criminally responsible for an offense committed by the conduct of
another if:
(2) acting with intent to promote or assist the commission of the offense, he
solicits, encourages,  directs,  aids,  or  attempts  to  aid  the  other  person  to commit
the offense . . . .

            . . . . 
 
 (b) If, in the attempt to carry out a conspiracy to commit one felony, another
felony is committed by one of the conspirators, all conspirators are guilty of the
felony actually committed, though having no intent to commit it, if the offense was
committed in furtherance of the unlawful purpose and was one that should have been
anticipated as a result of the carrying out of the conspiracy.
Tex. Pen. Code Ann. § 7.02 (Vernon 2003). A person commits criminal conspiracy if, with the
intent that a felony be committed:
(1) he agrees with one or more persons that they or one or more of them
engage in conduct that would constitute the offense; and
(2) he or one or more of them performs an overt act in pursuance of the
agreement.
(b) An agreement constituting a conspiracy may be inferred from acts of the parties.
Tex. Pen. Code Ann. § 15.02 (Vernon 2003).
            Conspiracy is seldom shown by direct evidence but often must be proved by circumstances
from which the existence of the conspiracy is logically deducible. Williams v. State, 82 S.W.3d 557,
564–65 (Tex. App.‒San Antonio 2002, pet. ref'd).
            Chacon argues that, because there is no proof he personally acted with intent to murder
Ramirez, the State did not prove he had the specific intent required to establish he was guilty of
capital murder. That is not, however, what is required by the statute. Section 7.02(b) provides that
if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one
of the conspirators, "all conspirators are guilty of the felony actually committed, though having no
intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one
that should have been anticipated as a result of the carrying out of the conspiracy." Tex. Pen. Code
Ann. § 7.02(b).
            There is evidence, as set out above, which the fact-finder could accept as showing the
agreement among the four robbers to commit the robbery, and the existence of a plan that divided
their duties in accomplishing the robbery. The robbery at gunpoint is sufficient, standing alone, to
make the shooting an act that should have been anticipated, and when an individual is shot, it must
also be anticipated that the person may be injured or die as a result. See Williams v. State, 974
S.W.2d 324, 330 (Tex. App.‒San Antonio 1998, pet. ref'd) (killing during pawn shop robbery
foreseeable where at least one conspirator present with gun).



            Although there is conflicting evidence about whether Chacon encouraged his confederates
to shoot the victims, resolving conflicts in the evidence is the province of the jury, not of this Court. 
See Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). The jury's finding was not against
the great weight of the evidence. The evidence is both legally and factually sufficient to support the
verdict.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 1, 2003
Date Decided:             December 2, 2003

Do Not Publish